UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXPRESS LIEN, INC.** dba ZLIEN | CIVIL ACTION NO. _____ |
| **Plaintiff** | JUDGE: _____ |
| **VERSUS** | MAG: _____ |
| **NATIONWIDE NOTICE, INC.** | JURY TRIAL DEMANDED |
| **AND** | |
| **ABC INSURANCE COMPANY** | |
| **Defendants** | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Express Lien, Inc. doing business as *zlien* ("*zlien*" or "Plaintiff") who submits to this Honorable Court this Complaint, alleging as follows:

## NATURE OF THE ACTION

1.

This is a civil action arising under the laws of the United States, specifically under 17 USC § 501 for copyright infringement, under 15 USC § 1125(a) (§ 43(a) of the Lanham Act) for trade dress infringement and unfair competition, and under Louisiana law, specifically the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA") La. R.S. 51:1401, et seq., Louisiana Civil Code Article 1953, Louisiana Civil Code Article 1995, and Louisiana Civil Code Article 2007.

## PARTIES

2.

Express Lien, Inc., doing business as *zlien* ("*zlien*" or "Plaintiff") is a Delaware corporation, with its principal place of business at 4819 Prytania St., New Orleans, LA 70115.

3.

Nationwide Notice, Inc. ("Nationwide") is, upon information and belief, a for-profit corporation organized under the laws of the State of Florida, with its principal place of business in Florida.

4.

Upon information and belief, ABC Insurance Company, the identity of which is unknown at this time, had a policy of liability insurance in place at all relevant times, covering Nationwide for the allegations contained in this Complaint. Plaintiff will seek leave of Court to amend this Complaint to state Defendant ABC Insurance Company's full proper name when it is ascertained.

**JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction pursuant to 28 USC § 1331 (actions arising under the laws of the United States), 15 USC § 1121 (actions arising under the Lanham Act), 28 USC § 1338(a) (acts of Congress relating to copyrights and trademarks), 28 USC § 1338(b) (civil actions asserting a claim of unfair competition), and 28 USC § 1332 (civil actions with complete diversity of the parties in which the amount in controversy, exclusive of interests and costs exceeds $75,000).

6.

This Court has personal jurisdiction over Defendants. Upon information and belief, Defendants have conducted acts of infringement and unfair competition both within and outside this District causing injury in this District. Defendants solicit, transact, and are doing business within the State of Louisiana and this District in particular.

7.

Venue is proper in this District pursuant to 28 USC § 1391. Upon information and belief, Defendants are subject to personal jurisdiction in this District, and the acts complained of herein take place within this District through the Defendant's website.

**FACTS**

8.

*zlien* is an accounts receivable and construction payment software platform for parties in the construction vertical, through which those parties can exert and maintain control over their security rights related to construction projects by using automated processes. As part

of its offering, and through its software, *zlien* sells "self-help" construction notices and lien forms, provides assistance in having those forms delivered or filed, and provides informational resources and tools to parties in the construction industry. The business is transacted through a website.

9.

A website is a specific location on the World Wide Web identified by a unique address known as a Universal Resource Locator ("URL"). Plaintiff distributes content and transacts business through the website found at the URL "zlien.com".

10.

To further the plaintiff's business goals, and to provide the plaintiff's customers with information, the plaintiff provides state-by-state informational resources through its website.

11.

The state-by-state informational resources include the answers to several Frequently Asked Questions ("FAQs") for each state or other general information applicable to that particular state segregated between private projects and public projects, a chart (the "chart") showing the notice and lien requirements and deadlines segregated by project role ("Prime Contractor", "Sub/Laborer", and "Supplier/Other"), compilations of selected text from each state's statutes concerning mechanics lien and bond claim law, and other information.

12.

Plaintiff spends substantial amounts of time, money, and effort creating and compiling the informational resources, and all other content on the plaintiff's website.

13.

The informational resources are provided by the plaintiff for the purposes of establishing the plaintiff as an authority and leader in plaintiff's area of business, and to drive sales through the plaintiff's website.

14.

Every page of the plaintiff's website is marked with a copyright notice.

15.

Plaintiff's website has been registered for copyright protection, and the copyright routinely copyright was updated when substantial additional information was added or changes were made to the website.

16.

The "chart" and general information for each state, specifically, appear on pages of the website on which a copyright notice is displayed, and which have been registered for copyright protection.

17.

Plaintiff's website has been designed with special attention to the "look and feel" of the website to establish the trust of plaintiffs' users, to identify to plaintiff's users that they are on plaintiff's site, and therefore, to drive sales through the plaintiff's website.

18.

Plaintiff discovered Plaintiff's copyrighted material being displayed or otherwise distributed by Defendant by and through Defendant's website, found at the URL "nationwidenotice.com"

20.

Upon information and belief, Defendant Nationwide is a Florida company providing a web platform for construction document preparation and filing services, in support of which Nationwide provides information related to construction liens and notices via nationwidenotice.com.

21.

Defendant's operation involves providing information on construction liens and notices, and providing forms and assistance in filing those forms. These services are substantially similar to the services provided by Plaintiff. Defendant also provides information through a "resources" section of its website similar to the information provided by Plaintiff through the "Resources" section of Plaintiff's website.

22.

Use of Plaintiff's website, and the information and services provided thereon is subject to the Terms of Use / Disclaimer and Terms & Conditions ("Terms of Use" set forth on Plaintiff's website.

23.

The Terms of Use specifically set forth, in the section entitled "Intellectual Property Information" that the information contained on Plaintiff's website is protected by copyright, provide limitations on the use of the information contained on Plaintiff's website, and that by using the website, defendant and other users specifically agree to set stipulated and liquidated damages for forbidden copying and use of Plaintiff's content.

24.

Defendant Nationwide visited Plaintiff's website and copied Plaintiff's content in violation of law and the Terms of Use governing the use of the website.

25.

Defendant Nationwide promotes the "resources" section of its website as an "invaluable asset".

26.

Defendant Nationwide promotes the "resources" section of its website as a feature to drive sales.

27.

Defendant Nationwide claims a copyright in the material published in the "resources" section of Defendant's site, with disregard to whether or not the information presented was created by Defendant Nationwide.

**COPYRIGHT INFRINGEMENT**

28.

Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.

At all relevant times Plaintiff has been the owner and copyright holder of all information contained on the pages of Plaintiff's website, located at the URL "zlien.com".

30.

Plaintiff *zlien* is the registered copyright holder of the following U.S. copyrights:

    1. Copyright Number: TX0007413764 - Database of Mechanics Lien and Notice Laws and Requirements, Components of System Framework, and Nationwide Lien and Notice Templates.

    2. Copyright Number: TXu001761460 – Lien Law Resources and Summaries

    3. Copyright Number: TX0008147997 – State by State Resources / Guides to Mechanics Liens – Private Projects.

    4. Copyright Number: TX0008148181 - State by State Resources / Guides to Mechanics Liens and Bond Claims – Public Projects.

    5. Copyright Number: TX0007733609 – www.zlien.com

    6. Copyright Number: TX0007754460 – Zlien State Lien Statutes Database

31.

Plaintiff *zlien* has applied for a registration certificate for the following copyright Case Numbers, all of which remain open:

1. 1-3263787879 – zlien website
2. 1-2693447321 – zlien website
3. 1-2687079360 – zlien Retainage Statutes Database
4. 1-2687078733 – zlien Prompt Payment Statutes Database
5. 1-2686594540 – State by State Resources / Retainage FAQs – Private Projects
6. 1-2686594386 – State by State Resources / Prompt Payment FAQs – Private and Public Projects
7. 1-2685707147 – State by State Resources / Lien Waiver FAQs – Private and Public Projects

32.

Without authorization, Defendant Nationwide copied portions of some or all of the registered copyrights set forth in paragraph 30, published the copied content on Defendant Nationwide's website, and claimed the copied content as Nationwide's own original work. (See Exhibit A, attached, as a example limited to two of the impermissible copyings).

33.

Portions of some or all of the pending copyrights set forth in paragraph 31 were copied by Defendant Nationwide, published on Defendant Nationwide's website, and claimed as Nationwide's own original work.

34.

For all of the works at issue in this matter, Plaintiff either holds a copyright certificate from the United States Copyright Office, or has applied for a registration certificate.

35.

Defendant has distributed, and is distributing, the Plaintiff's protected content for profit, by and through Defendant's website located at the URL "nationwidenotice.com", in violation of federal law, resulting in harm to Plaintiff including, but not limited to, damages to Plaintiff's profits, sales, and business.

36.

Plaintiff did not authorize the Defendant's copying, displaying, distribution, or selling of the Plaintiff's work.

37.

Defendant knew the infringed content belonged to Plaintiff, and that Defendant did not have permission to copy the content.

38.

Defendant intentionally and willfully misled and continues to intentionally and willfully mislead people, including customers, as to the ownership of the copied content.

39.

Plaintiff is entitled to recover damages, including, but not limited to: Plaintiff's losses as a result of the wrongful conduct, and any and all profits Defendants have made as a result of its wrongful conduct, under 17 USC § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 USC § 504(c).

40.

Additionally, as the Defendant's conduct was willful, the award of statutory damages should be enhanced in accordance with and pursuant to 17 USC § 504(c)(2).

41.

Plaintiff is also entitled to recover attorneys' fees and costs of suit pursuant to 17 USC § 505.

42.

Additionally or alternatively, Plaintiff is entitled to recover damages, attorneys' fees, and costs, pursuant to and as set forth by the stipulated and liquidated damages clause in the Intellectual Property Information section of the Terms of Use.

## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

43.

Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 42 above as though fully set forth herein.

44.

Plaintiff's website design is widely recognized by consumers and has become a valuable indicator of the source and origin of the information provided, which in turn, drives Plaintiff's sales, and positions Plaintiff as a leader in this field.

45.

The Defendant copied Plaintiff's stylistic choices along with the content of the website, including the design, layout, and wording of Plaintiff's site, as well as the use of clickable maps, the design of informational charts, and the formatting of supporting text. See Exhibit B, attached.

46.

Defendant's use in commerce of Plaintiff's website content, and/or website content confusingly similar to Plaintiff's, and/or use of confusingly similar "look and feel" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the Defendant's services, information, or commercial activities with Plaintiff in violation of 15 USC §1125(a).

47.

As a direct and proximate result of Defendant's violation of Plaintiff's trade dress, Plaintiff has suffered and continues to suffer damages to its profits, sales, and business.

48.

Plaintiff is entitled to recover damages pursuant to 15 USC §1121, et seq.

49.

Plaintiff is entitled to recover damages and attorneys' fees pursuant to Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA") La. R.S. 51:1401, et seq.

**BREACH OF CONTRACT**

50.

Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 49 above as though fully set forth herein.

51.

Use of Plaintiff's "websites, products, forms, data, information, resources, or other services" are governed by the website's Terms of Use ("Terms").

52.

Plaintiff's Terms of Use, to which Defendant agreed to be bound through use of Plaintiff's "websites, products, forms, data, information, resources, or other services," contain an "Intellectual Property Information" section.

53.

The Intellectual Property Information section of the Terms provides, among other things, that the information contained on Plaintiff's website is protected by copyright, provides limitations on the use of the information contained on Plaintiff's website, and sets forth stipulated and liquidated damages for unauthorized copying and use of Plaintiff's content,

to which Defendant agreed through use of Plaintiff's websites, products, forms, data, information, resources, or other services.

54.

Acceptance of the Terms of Use through use of Plaintiff's websites, products, forms, data, information, resources, or other services created a contract between the Plaintiff and the Defendant governing the relationship and use of the Plaintiff's websites, products, forms, data, information, resources, or other services.

55.

Defendant's copying and impermissible use of Plaintiff's content breached the contract formed pursuant to the Terms.

56.

Plaintiff is entitled to recover damages pursuant to Louisiana Civil Code Article 1995. Additionally or alternatively Plaintiff is entitled to recover stipulated damages pursuant to Louisiana Civil Code Article 2007.

57.

Plaintiff is entitled to attorneys' fees pursuant to the Terms.

**FRAUD**

58.

Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 57 above as though fully set forth herein.

59.

Pursuant to Louisiana Civil Code Article 1953 "Fraud is a misrepresentation or a suppression of the truth made with the intention . . . to obtain an unjust advantage".

60.

Defendant misrepresents and suppresses the truth of the authorship of the resources section presented on Defendant's website.

61.

Defendant uses the resources section if its website as a feature to drive sales.

62.

Defendant uses the information in the resources section of its website to position Defendant as an authority or otherwise knowledgeable party with respect to the information contained therein, and represents that the information contained in the resources section of Defendant's website was authored by Defendant.

63.

Defendant uses the misrepresentation or suppression of the truth regarding the authorship of the information published in the resources section of the Defendant's website to gain an unjust advantage.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment and relief against Defendants and respectfully requests this Honorable Court:

1. Find that the Defendant has engaged in copyright infringement in violation of 17 USC § 501;

2. Find that the Defendant has engaged in trade dress infringement and unfair competition in violation of 15 USC § 1125(a);

3. Find that the Defendant has engaged in unfair or deceptive business practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA") La. R.S. 51:1401, et seq.;

4. Find that the Defendants have willfully infringed Plaintiff's copyrights and trade dress, with full knowledge of Plaintiff's use of and rights;

5. Find that the Defendant has violated the Terms of Use of Plaintiff's website, and as such, has agreed to the liquidated damages set forth therein;

6. Find that the Defendant entered into a contract with the Plaintiff through the Terms of Use and use of the Plaintiff's websites, products, forms, data, information, resources, or other services;

7. Find that the Defendant breached the contract with Plaintiff through Defendant's impermissible copying and publication of Plaintiff's content;

8. Find that the Defendant perpetrated a Fraud by misrepresenting or suppressing the truth regarding the authorship of the information published in the resources section of the Defendant's website;

9. Find that the Defendant violated any other provision of Federal or Louisiana law implicated by their acts and this pleading, in the event the violation is not well-pled;

10. Enter judgment for Plaintiff on all Counts of the Complaint;

11. Find that the Defendant has otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

12  That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representative, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with they, be enjoined and restrained from copying, posting, or making any other infringing use or distribution of any of Plaintiff's protected materials.

13  That the Court order Defendants to pay Plaintiff's general, special, actual, and statutory damages as follows:

    A.  Plaintiff's damages and Defendant's profits pursuant to 17 USC § 504(b), or, in the alternative, enhanced statutory damages pursuant to 17 USC § 504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights; and

14  That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 USC § 504.

15  That the Court order Defendants to pay the stipulated and liquidated damages as set forth in Plaintiff's website's Terms of Use.

16  That the Court order Defendants to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action pursuant to the Terms of Use;

17  That the Court grant to Plaintiff damages stemming from the breach of the contract between Defendant and Plaintiff;

18  That the Court grant to Plaintiff damages pursuant to the Defendant's unfair or deceptive business practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA") La. R.S. 51:1401, et seq.

19  That the Court grant to Plaintiff damages stemming from the fraudulent misrepresentation or suppression of the authorship of the information contained in the resources section of the Defendant's website;

20  That the Court grant to Plaintiff any other damages known at the time of this filing but not well-pled;

21  That the Court grant to Plaintiff such other and additional relief as is just and proper.

Respectfully Submitted:
**ZLIEN**

/s/ Nathan Budde
**NATHAN L. BUDDE (#32103)**
**SCOTT WOLFE, JR. (#30122)**
4819 Prytania St.
New Orleans, LA 70115
Tel. 866.720.5436
Attorneys for *zlien*
In-House Counsel