UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXPRESS LIEN, INC.                               CIVIL ACTION

VERSUS                                           NO: 16-2926

NATIONWIDE NOTICE, INC.                          SECTION: "J" (4)

### ORDER AND REASONS

Before the Court is a *Partial Motion to Dismiss* **(Rec. Doc. 33)** filed by Nationwide Notice, Inc. ("Defendant"), an opposition thereto (Rec. Doc. 35) filed by Express Lien, Inc., doing business as Zlien ("Plaintiff"), and a reply (Rec. Doc. 38) filed by Defendant.  Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case centers around Plaintiff's allegations that Defendant copied material from Plaintiff's website and posted the material on its own website.  A description of these allegations was provided in this Court's Order and Reasons granting in part and denying in part Defendant's initial partial motion to dismiss (Rec. Doc. 28), and a recitation is not necessary here.

Plaintiff originally filed this suit on April 8, 2016, and filed a first amended complaint on September 15, 2016.  (Rec. Docs. 1 and 20.)  Defendant filed a partial motion to dismiss the first

1

amended complaint, requesting the Court to dismiss Plaintiff's trade dress infringement, breach of contract, fraud, and unfair trade practices claims. (Rec. Doc. 22.) The Court denied Defendant's motion as to the trade dress infringement claim and granted the motion to dismiss the breach of contract, unfair trade practices, and fraud claims. (Rec. Doc. 28 at 19-20.) The Court also granted Plaintiff leave to amend its breach of contract and unfair trade practices claims. *Id*.

Plaintiff timely filed a second amended complaint. (*See* Rec. 32.) In addition to re-alleging its unfair trade practices and fraud claims, Plaintiff added for the first time a defamation claim against Defendant. *Id*. at 21. This newly added claim alleges that Defendant made defamatory statements about Plaintiff to a third party on or around December 2016, after the Court ruled on Defendant's initial partial motion to dismiss. *Id*. at 21-22. Plaintiff also alleges that Defendant has made defamatory statements to third parties for at least one year by stating that the basis for the instant lawsuit was that Plaintiff had taken information from Defendant. *Id*.

Defendant brings the instant partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") requesting the Court dismiss Plaintiff's defamation claim for failure to state a claim upon which relief can be granted. (Rec. Doc. 33-1 at 1-2.)

2

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept

as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Four elements must be established to state a claim for defamation under Louisiana law: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 2003-1146, p. 12 (La. 1/21/04), 864 So. 2d 129, 139.  "[A] petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant." *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 10 (La. 3/17/06), 929 So. 2d 1211, 1218.  Plaintiff's defamation claim provides no such specificity.  The second amended complaint repeatedly uses legal conclusions to allege defamation without providing factual detail to support the claim.  Noticeably absent from the second amended complaint is any information about who made the alleged defamatory statements, how the alleged statements were communicated, the specific language of the alleged statements, or to whom the alleged statements were made.  Because the defamation claim is not pled with reasonable specificity, Plaintiff has failed to state a claim which would entitle it to relief.  *See Badeaux*, 929 So. 2d at 1219; *Iqbal*, 556 U.S. at 678; *see also English v. Wood Grp. PSN, Inc.*,

4

No. 15-568, 2015 WL 5061164, at *17 (E.D. La. Aug. 25, 2015) (dismissing defamation claim and noting that "the allegation certainly does not consist of any particular set of defamatory words or specific instances of Defendant's publication of defamatory words"); *Haygood v. Begue*, No. 13-0335, 2016 WL 1072073, at *7 (W.D. La. March 16, 2016) (same result when the complaint contained "no allegations or statements of fact as to what the defamatory words were and/or how the unknown statements were false"); *Maurer v. Town of Independence, Louisiana*, 45 F. Supp. 3d 535, 552 (E.D. La. 2014) (same result when the plaintiff's defamation allegation was overly general and conclusory).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Partial Motion to Dismiss* **(Rec. Doc. 33)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's defamation claim is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is granted leave to file a third amended complaint to cure the defect in the defamation claim within twenty-one days of this Order.

New Orleans, Louisiana this 20th Day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE